UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAHM PALOMA,

                          Plaintiff,

         -against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS and EASTERLING,

                          Defendants.

20-CV-2133 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently detained in the Rose M. Singer Center, brings this *pro se* action under

42 U.S.C. § 1983, alleging that Defendant Easterling, using her flash light every 15 minutes,

violated Plaintiff's rights by observing her as she walked back and forth to the bathroom. By

order dated June 29, 2020, the Court granted Plaintiff's request to proceed without prepayment

of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

_____

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Miriahm Paloma ("Plaintiff") brings this action against Defendants the New York City Department of Correction (DOC) and Correction Officer Easterling (collectively

"Defendants"). Plaintiff alleges that in February 2020, Defendants violated her rights through "unconstitutional observation." (ECF No. 2 at 4.)

The following facts are taken from the complaint. On February 13, 2020, Officer Easterling "sat by dorm window facing [Plaintiff's bed] for unconstitutional observation." *Id.* Easterling, who "was talking to herself, [and] using her flashlight every 15 minutes," watched Plaintiff "walk back and forth to the bathroom." (*Id.*) Easterling was not supposed to watch Plaintiff, who is not on suicide watch. (*Id.*)

Plaintiff suffered "trouble sleeping [and] blurred vision." (*Id.* at 5.) For relief, Plaintiff seeks "$122, 525, 018.12 USD" and "order of corrections affects mental hygiene and does not close arrears." (*Id.*)

## DISCUSSION

### A.   New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17 § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins vs. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of N.Y.*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC.

### B.   Conditions-of-Confinement Claim

The Court construes Plaintiff's allegations as asserting a conditions-of-confinement claim. The Due Process Clause of the Fourteenth Amendment, not the Cruel and Unusual Punishments Clause of the Eighth Amendment, governs a pretrial detainee's claims of unconstitutional conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Under the Fourteenth Amendment, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 535. If the conditions are not deemed punitive, then the plaintiff's allegations are evaluated under a standard of deliberate indifference. *Abreu v. Schriro*, No. 1:14-CV-6418, 2016 WL 3647958, at *4 (S.D.N.Y. July 1, 2016).

1.    Punitive Conditions

"If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 539. Thus, if a condition is not reasonably related to a legitimate governmental objective or is "arbitrary or purposeless," then it "may not constitutionally be inflicted upon detainees." *Id.*

"[W]hen an institutional restriction infringes a specific constitutional guarantee . . . the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Id.* at 547 (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 129 (1977)); *see e.g. Tafari v. McCarthy*, 714 F. Supp. 2d 317, 368 (N.D.N.Y. 2010) (concluding that the correctional facility had a "legitimate penological interest in protecting both guards and inmates by keeping the lights constantly illuminated," as guards conducted rounds every thirty minutes); *Bell*, 441 U.S. at 559 ("A detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence.").

2.    Deliberate Indifference

To state a claim of deliberate indifference, the Plaintiff must satisfy two elements: (1) an "objective" element, which requires a "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and (2) a "subjective" or "mental element" prong, which requires a "showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To meet the first element, the plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his [or her] health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The deprivations must also be measured by their "severity and duration, not the resulting injury." *Darnell*, 849 F.3d at 32.

The second element of the deliberate indifference test requires the plaintiff to state facts "that the [defendant] acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate that the condition posed to the pretrial detainee even though the [defendant] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Here, Plaintiff alleges that on one occasion Defendant Easterling sat facing her bed, "using her flashlight every 15 minutes, watching [Plaintiff]," and that as a result, Plaintiff suffered "trouble sleeping [and] blurred vision." (ECF No. 2 at 4, 5.) Plaintiff alleges further that Defendant was not supposed to be watching Plaintiff and other inmates, who were not on suicide watch. (*Id.* at 4.) Although Plaintiff alleges that she was not on suicide watch, it is not clear from Plaintiff's allegations that Defendant's actions were not reasonably related to a legitimate government objective. It is also unclear whether Defendant knew or should have known that her actions would pose a serious risk of harm to Plaintiff's health or safety, and that Defendant disregarded that risk. Thus, the Court grants Plaintiff leave to amend her complaint.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her condition-of-confinement claim. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is

also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to make a copy of the order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standard set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2133 (LLS). A Civil Rights Amended Complaint Form is attached to this order. No summons will be issued at this time. If Plaintiff

fails to comply within the time allowed, and she cannot show good cause to excuse such failure,

the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    July 10, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                         Last Name                           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                         Zip Code

Defendant 2:

First Name                         Last Name                           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                         Zip Code

Defendant 3:

First Name                         Last Name                           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                         Zip Code

Defendant 4:

First Name                         Last Name                           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                         Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____       _____
Dated                                                          Plaintiff's Signature

_____
First Name                              Middle Initial              Last Name

_____
Prison Address

_____
County, City                                          State                          Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____