UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAHM PALOMA,

                    Plaintiff,

-against-

CORRECTION OFFICER EASTERLING;
CITY OF NEW YORK,

                    Defendants.

20-CV-2133 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently detained in the Rose M. Singer Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant Easterling, using her flashlight every 15 minutes, violated Plaintiff's rights by observing her as she walked back and forth to the bathroom. Plaintiff is proceeding *pro se* and *in forma pauperis* (IFP). By order dated July 10, 2020, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading.

      Plaintiff filed an amended complaint, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The allegations in Plaintiff's amended complaint are essentially identical to those in her original complaint. She alleges that on February 13, 2020, between the hours of 2:00 and 4:00 in the morning, Officer Easterling "sat by window next to dorm for unconstitutional observation."

(ECF No. 6 at 4.) Easterling, who "was talking to herself, using her flashlight every 15 minutes," watched Plaintiff "walk back and forth to the bathroom." (*Id.*) Easterling's behavior made it difficult for Plaintiff to sleep.

## DISCUSSION

The Court construes Plaintiff's allegations as asserting a claim that her conditions of confinement were unconstitutional. The Due Process Clause of the Fourteenth Amendment governs a pretrial detainee's claims of unconstitutional conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Under the Fourteenth Amendment, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 535. If the conditions are not deemed punitive, then the plaintiff's allegations are evaluated under a standard of deliberate indifference. *Abreu v. Schriro*, No. 1:14-CV-6418, 2016 WL 3647958, at *4 (S.D.N.Y. July 1, 2016).

Plaintiff describes events that occurred on a single date over the course of two hours – an officer's use of a flashlight, which disturbed Plaintiff's sleep. These allegations do not describe punitive conduct or conduct that rises to the level of deliberate indifference. For these reasons, and for the reasons stated in the Court's July 10, 2020 Order to Amend (ECF No. 5), Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    May 24, 2021
            New York, New York

                                                              *Louis L. Stanton*
                                                               Louis L. Stanton
                                                                   U.S.D.J.